## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| JACKIE K. PAYNE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00140-NCC |
| | ) |
| KENNETT, CITY OF, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jackie K. Payne, Jr. for leave

to commence this civil action without prepayment of the required filing fee. (Docket No. 2).

Having reviewed the motion and the financial information submitted in support, the Court has

determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial

partial filing fee of $31.25. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the

claims against the City of Kennett and Dunklin County. However, the Court will direct the Clerk

of Court to issue process on defendant James Skinner in his individual capacity.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's

account, or (2) the average monthly balance in the prisoner's account for the prior six-month

period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $156.25. The Court will therefore assess an initial partial filing fee of $31.25, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

2

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Pemiscot County Jail in Caruthersville, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983. His complaint names the City of Kennett, Dunklin County, and Officer James Skinner as defendants. Officer Skinner is named in his individual capacity only. (Docket No. 1 at 2).

In the "Statement of Claim," plaintiff states that on November 8, 2019, at around 9:00 p.m., he was the passenger in a vehicle traveling east on U.S. Route 412 from Kennett to Hayti. (Docket No. 1 at 5). Officer Skinner, of the Kennett Police Department, pulled the vehicle over. Officer Skinner came to the "back passenger window" to ask plaintiff his name. Plaintiff responded by saying that he was not the driver. Officer Skinner then asked for identification from the driver and the front seat passenger.

At this point, Officer Skinner asked plaintiff to exit the vehicle and stand by the hood of Skinner's car. Plaintiff asked to sit inside the car because it was cold. Officer Skinner said yes, and

3

again asked plaintiff his name. Plaintiff "gave him a fake name" and sat in the passenger seat of Officer Skinner's vehicle while Skinner called in the names.

While waiting for Officer Skinner to call in the names, three to five other police officers arrived on scene. One of the officers came over to where plaintiff was sitting, "placed his cell phone by [plaintiff's] face[,] and said 'yeah that's him.'" (Docket No. 1 at 5-6). Officer Skinner then "pulled [plaintiff] out [of] the vehicle and started punching [him]." (Docket No. 1 at 6). As he punched plaintiff, Officer Skinner yelled "stop resisting," even though plaintiff never resisted. During this incident, plaintiff was also kicked in the back and tasered. As a result, plaintiff states that he suffered a head injury, back and arm pain, memory loss, and emotional distress. (Docket No. 1 at 4).

Plaintiff alleges that Officer Skinner assaulted him. (Docket No. 1 at 3). He further claims that Dunklin County has over fifty "lawsuits of outrageous conduct." (Docket No. 1 at 4). Plaintiff seeks to have his "false cases" dropped, as well as $500,000 in damages. (Docket No. 1 at 6). In a supplement to the complaint, however, plaintiff clarifies that he is not asking the Court to overturn any conviction, but rather to "rule or enter processing on the defendants."[1] (Docket No. 5 at 1).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging excessive force at the time of his arrest. For the reasons discussed below, the Court

---

[1] This incident apparently resulted in two cases being opened against plaintiff. The first, *State of Missouri v. Payne*, No. 19DU-CR01663-01 (35th Jud. Cir., Dunklin County), charged plaintiff with class B felony assault on an officer; felony resisting arrest; and fourth degree misdemeanor assault. The second, *State of Missouri v. Payne*, No. 20DU-00063-01 (35th Jud. Cir., Dunklin County), charged plaintiff with class E felony assault in the third degree. Both of these cases have been transferred to Pemiscot County and remain pending. *See State of Missouri v. Payne*, No. 20PE-CR00317 (34th Jud. Cir., Pemiscot County); and *State of Missouri v. Payne*, No. 20PE-CR00318 (34th Jud. Cir., Pemiscot County). The Court has reviewed these cases on Case.net, Missouri's online case management system, and takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

4

will dismiss the claims against the City of Kennett and Dunklin County. Additionally, the Court will direct the Clerk of Court to issue process on Officer Skinner in his individual capacity.

## A. City of Kennett and Dunklin County

Local governing bodies such as the City of Kennett and Dunklin County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, plaintiff must establish the governmental entity's liability for the alleged conduct. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of Kennett and Dunklin County.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or

5

conscious choice by the policymakers." *Id.* at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. To do so, plaintiff must allege a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003).

Here, plaintiff has not adequately alleged facts to show that his constitutional rights were violated due to an unconstitutional policy, custom, or failure to train on behalf of either the City

6

of Kennett or Dunklin County. With regard to policy, plaintiff points to no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body" as being at issue. With regard to custom, plaintiff vaguely alludes to fifty lawsuits regarding "outrageous [conduct]" being filed in Dunklin County. However, there is no indication as to what this conduct entailed, much less that policymaking officials were deliberately indifferent to or tacitly authorized the alleged conduct. Finally, with regard to a failure to train, plaintiff has not established a "pattern of similar constitutional violations by untrained employees." Because plaintiff has not shown that the City of Kennett or Dunklin County is liable for the alleged violation of plaintiff's constitutional rights, these claims must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

## B. Individual Capacity Claim Against Officer Skinner

Plaintiff alleges that Officer Skinner used excessive force against him during the course of plaintiff's arrest.[2] "The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation

---

[2] A finding of excessive force would not necessarily imply the invalidity of any conviction in plaintiff's criminal case, meaning that dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) is not required. *See, e.g., Colbert v. City of Monticello, Ark.*, 775 F.3d 1006, 1008 (8th Cir. 2014) (noting that a finding of excessive force against defendant would not necessarily imply the invalidity of plaintiff's convictions).

of this right is sufficient to support an action under § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether or not law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018). "However, not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Robinson v. Hawkins*, 937 F.3d 1128, 1135-36 (8th Cir. 2019). To that end, law enforcement officers undoubtedly have a right to use some degree of physical force, or threat of physical force, to effect a lawful seizure. *Chambers v. Pennycook*, 641 F.3d 898, 907 (8th Cir. 2011). "A de minimis use of force is insufficient to support a claim, and it may well be that most plaintiffs showing only de minimis injury can show only a corresponding de minims use of force." *Robinson*, 937 F.3d at 1136.

Here, plaintiff alleges that he was sitting in the passenger seat of Officer Skinner's vehicle when additional officers arrived on scene. One of these officers placed a cell phone by plaintiff's face, saying "yeah that's him." The implication is that plaintiff fit the description of someone the officers were looking for. Following this, plaintiff alleges that Officer Skinner "pulled [him] out of the vehicle and started punching [him]," even though plaintiff was not resisting. Plaintiff alleges that as a result of Officer Skinner's actions, he suffered injuries. The Court must accept these allegations as true and make all reasonable inferences in favor of the plaintiff. *See Jones v. Douglas*

*Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). Therefore, the Court will direct the Clerk of Court to issue process or cause process to issue on Officer Skinner in his individual capacity as to plaintiff's excessive force claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $31.25 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claim against the City of Kennett and Dunklin County are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant James Skinner of the Kennett Police Department in his individual capacity as to plaintiff's claim of excessive force.

**IT IS FURTHER ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

Dated this 25th day of August, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

9