**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JACKIE K. PAYNE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00140-NCC |
| ) | |
| JAMES SKINNER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On August 25, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. (Docket No. 6). The Court dismissed plaintiff's claims against the City of Kennett and Dunklin County. However, the Court directed the Clerk of Court to issue process on defendant James Skinner in his individual capacity as to plaintiff's claim of excessive force.

Service was attempted by the United States Marshals Service (USMS) at Skinner's place of employment. On September 11, 2020, the summons was returned unexecuted, with the notation that Skinner was no longer employed by the Kennett Police Department, and that there was no forwarding address. (Docket No. 9).

In cases where a pro se litigant is proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997). As such, a litigant proceeding in forma pauperis is entitled to rely on service by the USMS. *See Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Once an in forma pauperis plaintiff has taken reasonable steps to identify the defendants, the court must issue plaintiff's process to the USMS, who must then effectuate service. *Id.* However, it is plaintiff's responsibility to provide the information

necessary for service on the defendants.  *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (affirming dismissal of defendants for whom plaintiff did not "provide proper addresses for service").  *See also Beyer v. Pulaski Cty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

In this case, plaintiff provided the address of Skinner's employer.  The Court directed the USMS to issue process on Skinner at that location.  The USMS attempted to effectuate summons there, but was advised that Skinner is no longer employed by the Kennett Police Department.  The USMS was further advised that there was no forwarding address.

As noted above, an in forma pauperis litigant is entitled to rely on service by the USMS.  To that end, the USMS has attempted to serve Skinner at his place of employment, only to be advised that he is no longer employed at that location, and that there was no forwarding address.  Plaintiff bears the responsibility of providing adequate information so that Skinner can be served.  If plaintiff cannot provide **additional** information regarding Skinner to effectuate service, this defendant will be dismissed from this action without prejudice.  *See* Fed. R. Civ. P. 4(m).  Plaintiff will be given thirty days to comply.  Failure to comply will also result in the dismissal of Skinner without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that within **thirty (30) days** of the date of this order, plaintiff shall provide adequate information with which to serve defendant James Skinner.

**IT IS FURTHER ORDERED** that plaintiff's failure to timely provide adequate information as to defendant James Skinner will result in his dismissal from this case without prejudice.

Dated this 16th day of September 2020.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE