**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JACKIE K. PAYNE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00140-NCC |
| | ) |
| KENNETT, CITY OF, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On August 25, 2020, the Court reviewed self-represented plaintiff Jackie K. Payne Jr.'s complaint pursuant to 28 U.S.C. § 1915. The Court dismissed plaintiff's claims against the City of Kennett and Dunklin County. However, the Court directed the Clerk of Court to issue process on defendant James Skinner in his individual capacity as to plaintiff's claim of excessive force.

Service was attempted by the United States Marshals Service at Skinner's place of employment. On September 11, 2020, the summons was returned unexecuted, with the notation that Skinner was no longer employed by the Kennett Police Department, and that there was no forwarding address. (Docket No. 9).

On September 16, 2020, the Court directed plaintiff to provide further information regarding Skinner's location, so that service could be effectuated. (Docket No. 10). The Court gave plaintiff thirty days in which to file a response. Plaintiff was advised that failure to timely provide adequate information regarding Skinner would result in the dismissal of this case without prejudice. A response was due by October 16, 2020.

The Court did not receive from plaintiff any additional information about where Skinner could be served. Instead, on October 6, 2020, mail sent to plaintiff was returned as undeliverable.

(Docket No. 12). A forwarding address was not provided, so the mail was not resent.

Local Rule 2.06(B) requires every self-represented party to promptly notify the Clerk of Court of any change in address. The rule further provides that "[i]f any mail to a self-represented plaintiff or petitioner is returned to the Court without a forwarding address and the self-represented plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice." E.D. Mo. L.R. 2.06(B).

Here, more than thirty days have elapsed since plaintiff's mail was returned to the Court as undeliverable. Plaintiff has not provided his new address. Indeed, plaintiff has not submitted anything further to the Court. As such, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* E.D. Mo. L.R. 2.06(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of November, 2020.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

2